1    MCGUIRE WOODS
     Thomas R. Brice, Jr.
2    Florida Bar No. 18139
     Bank of America Tower
3    50 North Laura Street, Suite 3300
     Jacksonville, Florida 32202-3661
4    Tel:    (904) 798-2629
     Fax:    (904) 360-6335
5
6    KAMER ZUCKER ABBOTT
     Edwin A. Keller, Jr.    #6013
     Bryan J. Cohen          #8033
7    3000 West Charleston Boulevard, Suite 3
     Las Vegas, Nevada 89102-1990
8    Tel:    (702) 259-8640
     Fax:    (702) 259-8646
9
     Attorneys for Defendant
10   United Parcel Service, Inc.

11

12               **UNITED STATES DISTRICT COURT**

13                   **DISTRICT OF NEVADA**

14   THEODORE T. TABELLIJA,              )    Case No. 2:07-cv-00429
                                         )
15              Plaintiff,               )
                                         )
16   vs.                                 )    **PETITION FOR REMOVAL OF**
                                         )    **CIVIL ACTION FROM STATE**
17   UNITED PARCEL SERVICE INC., UPS, a  )    **COURT TO FEDERAL COURT**
     Utah Corporation; DOES 1-9, individuals; )
18   CORPORATIONS 10-1, corporations; and )
     ABLE & BAKER COMPANIES 15-19, co- )
19   partnerships,                       )
                                         )
20              Defendants.              )
                                         )
21   ─────────────────────────────────── )

22          Defendant United Parcel Service, Inc. ("UPS"), a Delaware corporation, by and through

23   its counsel of record, hereby petitions this Court pursuant to 28 U.S.C. § 1441 and § 1446 for

24   removal of this action currently pending in the Eighth Judicial District Court, Clark County,

25   Nevada.  In support of this petition, Defendant states as follows:

26          1.    This action is being removed to federal court based on federal question

27   jurisdiction and diversity of citizenship.

28

2.    Plaintiff filed a complaint against Defendant alleging violations of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA"); Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e, et seq. ("Title VII"); and Nevada Revised Statutes, Chapter 613, on December 20, 2006.  Defendant was served with the Complaint on March 5, 2007.  Attached are copies of all process and pleadings required to be filed with this Court under 28 U.S.C. § 1446(a).

3.    This Petition for Removal is filed with this Court within thirty (30) days of receipt of the Complaint as required by 28 U.S.C. § 1446(b).

## Federal Question Jurisdiction

4.    This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, because the claims arise under the laws of the United States.  Federal question jurisdiction exists as Plaintiff alleges causes of action under the ADEA and Title VII.

5.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims under the Nevada Revised Statutes because the state claims are related to the ADEA and Title VII claims.

## Diversity Jurisdiction

6.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7.    Plaintiff is a resident and citizen of the State of Nevada.  (Complaint ¶ 1)

8.    Defendant is a Delaware corporation with its principal place of business in Georgia.  Defendant notes that Plaintiff was employed by Motor Cargo Industries Inc., a Utah corporation.  Motor Cargo has been acquired by UPS.  The entity formerly known as Motor Cargo Industries Inc. has been merged with UPS Ground Freight, Inc., a Virginia corporation, which is a wholly owned subsidiary of UPS.

9.    The amount in controversy exceeds the sum or value of $75,000 in that:

(a)    Plaintiff is seeking damages for back pay and lost "fringe" benefits;

(b)    Plaintiff is seeking "general damages" in excess of $10,000;

(c)    Plaintiff is seeking an unspecified award of "special" damages (and has alleged that he has suffered mental and emotional distress);

(d)    Plaintiff is seeking an award of punitive damages in excess of $10,000; and

(e)    Plaintiff is seeking an award of attorneys' fees and costs.

10.    The numerous types of significant damages Plaintiff alleges allow the Court to find that the amount in controversy exceeds $75,000.   See Burns v. Windsor Insur. Co., 31 F.3d 1092 (11th Cir. 1994) and Gilmer v. Walt Disney Co., 915 F. Supp. 1001 (W.D. Ark. 1996).

11.    Defendant is entitled to remove this action to the United States District Court for the District of Nevada, because this is a civil action over which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1441(a).

12.    Venue lies in this Court because Plaintiff's action is pending in Clark County, Nevada, which is within this District and this Division.

13.    Defendant has given written notice of the filing of this Petition for Removal to the Clerk of the Eighth Judicial District Court, Clark County, Nevada and Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KAMER ZUCKER ABBOTT      *Attorneys at Law*

3000 West Charleston Boulevard, Suite 3 • Las Vegas, NV 89102 • (702) 259-8640

1    WHEREFORE, Defendant respectfully Petitions the Removal of this action from the

2  Eighth Judicial District Court, Clark County, Nevada.

3    DATED this 3rd day of April, 2007.

4

5                                            KAMER ZUCKER ABBOTT

6

7                               By:    _Edwin A. Keller, Jr._____

8                                      Edwin A. Keller, Jr.    #6013
                                       Bryan J. Cohen          #8033
9                                      3000 W. Charleston Boulevard, Suite 3
                                       Las Vegas, Nevada 89102-1990
10                                     Tel:    (702) 259-8640
                                       Fax:    (702) 259-8646
11

12                                     MCGUIRE WOODS
                                       Thomas R. Brice, Jr.
13                                     Florida Bar No. 18139
                                       Bank of America Tower
14                                     50 North Laura Street, Suite 3300
                                       Jacksonville, Florida 32202-3661
15                                     Tel:    (904) 798-2629
                                       Fax:    (904) 360-6335
16

17                                     Attorneys for Defendant
                                       United Parcel Service, Inc.
18

19

20                            **CERTIFICATE OF MAILING**

21    I hereby certify that on the 3rd day of April, 2007, the undersigned, an employee of

22  Kamer Zucker Abbott, placed a copy of the foregoing **PETITION FOR REMOVAL** in a sealed

23  envelope in the United States mail, postage prepaid, and addressed as follows:

24
        Dan M. Winder, Esq.
25      Law Office of Dan M. Winder
        3507 West Charleston Boulevard
26      Las Vegas, Nevada 89102

27
                                By:    _Bryan J. Cohen_____
28                                     An employee of Kamer Zucker Abbott

# COPY

SUMM

# District Court
## Clark County, Nevada

A 5 3 3 3 8 9

THEODORE T. TWBELLIJA,

   Plaintiff,

   -vs-

UNITED PARCEL SERVICE INC., UPS, a Utah Corporation; DOES
1-9, individuals; CORPORATION 10-14, Corporations; and ABLE &
BAKER COMPANIES 15-19, Co-partnerships,

   Defendants,

Case No. _____

Dept No. _____

MAR 0 6 2007

# SUMMONS
## UNITED PARCEL SERVICE INS.

TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR
BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW
VERY CAREFULLY.

A civil complaint has been filed by the plaintiff against you for the relief as set forth in that document (see complaint). When
service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4, (b).
**COMPLAINT FOR DAMAGES**

1.   If you intend to defend this lawsuit, you must do the following within 20 days after service of this summons, exclusive
of the day of service:

    a.   File with the Clerk of this Court, whose address is shown below, a formal written answer to the complaint, along
with the appropriate filing fees, in accordance with *the rules of the Court.*

    b.   Serve a copy of your answer upon the attorney or plaintiff whose name and address is shown below.

2.   Unless you respond, a default will be entered upon application of the plaintiff and this Court may enter a judgment
against you for the relief demanded in the complaint, which could result in the taking of money or property or other
relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be
filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and
legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading
to the complaint.

Issued on behalf of plaintiff or plaintiff's attorney:

DAN M. WINDER, ESQ.
Attorney for Plaintiff
3507 West Charleston Blvd
Las Vegas, NV 89102

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

CHRISTINA GREENE

DEPUTY CLERK
200 Lewis Street
Las Vegas, NV 89101

DEC 2 0 2006

COPY

1    COMP
     Dan Winder
2    Bar No. 1569
     3507 W. Charleston Blvd.
3    Las Vegas, Nevada 89102
     (702) 474-0523
4

5    Attorney for Plaintiff

FILED
DEC 20  3:50 PM '06
_(signature)_
CLERK

MAR 0 8 2007

6

7                    DISTRICT COURT

8            CLARK COUNTY, NEVADA

9    THEODORE T. TABELLIJA,                    A533389
               Plaintiff,              Case No.
10

11        vs.                          Dept. No.  XI

12   UNITED PARCEL SERVICE INC.,
     UPS, a UtahCorporation;
13   DOES 1-9, individuals;
     CORPORATIONS 10-14, corporations;
14   and ABLE & BAKER COMPANIES 15-19,
     Co-partnerships,
15
               Defendant. /
16   ──────────────────────          **COMPLAINT**

17       COMES NOW, Plaintiff, Theodore T. Tabellija (hereinafter

18   referred to as "Plaintiff"), by and through his attorney, Dan

19   M. Winder, Esq., and claims for relief against the above

20   Defendants, allege as follows:

21    1.  That at all times relevant hereto, Plaintiff, Theodore

22        T. Tabellija, was a resident of the State of Nevada,

23        County of Clark;

24    2.  That the Defendant United Parcel Service Inc.

25        (hereinafter referred to as "UPS") has been as is a Utah

26        Corporation, qualified to do business and doing business

27        in the State of Nevada. Any reference to UPS, will

28        include reference to its owners, agents, servants, and

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

1

1  employees who at all pertinent times were acting within
2  the course and scope of their employment and/or agency
3  with UPS;

4  3.  Pursuant to Nevada Rules of Civil Procedure, Rule 10(a)
5      and Nurenberger Hercules-Werke GMBH Virostek, 107 Nev
6      873, 822 P. 2d 110 (1991), the true names and
7      capacities, whether individual, corporate, associate or
8      otherwise, of Defendants named herein as DOE 1 through
9      IX and Doe Corporations X through XIV and Able & Baker
10     Companies XV through XIX are unknown at the present
11     time; however, it is alleged upon information and
12     belief, that these Defendants were involved in the
13     initation, approval, support, or execution of the
14     wrongful acts upon which this litigation is premised, or
15     of these parties by their true names and capacities;

16 4.  Venue and jurisdiction are proper in this Court as the
17     acts at issue in this matter occurred in Clark County
18     Nevada;

19 5.  Plaintiff is a fifty-eight (58) year old man living in
20     the City of Las Vegas, County of Clark.

21 6.  At all times material hereto, Plaintiff was an employee
22     of UPS;

23 7.  Plaintiff always performed his duties and carried out
24     his responsibilities professionally and with
25     distinction;

26 8.  Sometime after Plaintiff's employer was acquired by UPS
27     Plaintiff noticed a change in the way his time was

28

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

2

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

1    calculated.  Said changes in the calculation of time

2    caused Plaintiff to suffer financial loss;

3    9.  Moreover, Plaintiff was asked to increase the amount of

4    time he spent on the road.  Plaintiff was regularly

5    asked to work in excess of sixteen (16) hours in a day;

6    10. In an effort to meet UPS's increasingly impossible

7    request, Plaintiff worked long and hard in his areas of

8    responsibility;

9    11. Plaintiff also noticed that employees' in his position

10    were being terminated and replaced with younger and less

11    expensive workers;

12    12. At all times herein mentioned each and all of the

13    Defendants knowingly and willfully caused, allowed and

14    failed to prevent the wrongful conduct described herein

15    above.  Said knowing and willful course of conduct has

16    been engaged in with such flagrancy and with such a

17    callous indifference to the rights and safety of others,

18    including Plaintiff as to justify an award of

19    compensatory and punitive damages;

20    13. Plaintiff has complied with all statutory prerequisites

21    and has requested a right to sue letter form the Equal

22    Employment Opportunity Commission;

23    14. Plaintiff has suffered severe emotional distress caused

24    by Defendant's actions;

25    15. That as a result of the actions of the Defendant,

26    Plaintiff has suffered compensatory damages in excess of

27    ten thousand ($10,000.00) dollars;

28

3

16. That the actions of Defendants were done with malice, fraud and oppression and that the Plaintiff is entitled to punitive damages pursuant to NRS 42.005;

### FIRST CLAIM FOR RELIEF
### [Age Discrimination]

17. Plaintiff re-alleges each and every allegation as contained herein above and hereby incorporates them by this reference as if fully set forth herein.

18. At all times material hereto, Plaintiff was an employee and Defendant his employer within the meaning of and covered by the Age Discrimination in Employment Act of 1967 (hereinafter ADEA).

19. At the date of his termination Plaintiff was fifty-seven (57) years old.

20. Although Defendant offered pretextual reasons for Plaintiff's termination, Plaintiff has since been replaced by a substantially younger man performing the same duties.

21. A determining factor in the termination of Plaintiff's employment was unlawful consideration of his age and Defendant's desire to replace Plaintiff with a younger man.

22. The actions of Defendants, its agents, representatives, and employees, were willful, in wanton and reckless disregard for the rights and sensibilities of the Plaintiff in violation of the ADEA.

23. Had Plaintiff been a younger man he would not have been terminated.

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

4

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

24. As a direct and proximate result of the aforesaid breach of contract, Plaintiff has suffered great mental and emotional distress; anxiety and depression; psychological disturbance and mental anguish; loss of earnings and earning capacity; damage to his good name and reputation; loss of pension and fringe benefits; the ordinary pleasures of everyday life; including the right to pursue gainful occupation of choice.

SECOND CLAIM FOR RELIEF

[Racial Harassment/Hostile Work Environment]

25. Plaintiff re-alleges each and every allegation as contained herein above and hereby incorporates them by this reference as if fully set forth herein;

26. During the course of Plaintiff's employment with Defendants, comments concerning the Plaintiff's ethnicity;

27.  These comments and racial epitaphs constituted racial harassment and were the result of discrimination based on Plaintiff's race and as a result the Defendants actions violated NRS 613;

28. That in doing the above said acts and/or omissions, Defendants, and each of them, acted intentionally with knowledge and/or recklessness and acted maliciously and with wanton disregard of the rights, feelings, and wellbeing of the Plaintiff: and that by reason thereof, Plaintiffs demand damages for the sake of example and by way of punishing the Defendants in a sum in excess of ten thousand dollars ($10,000.00);

5

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

THIRD CLAIM FOR RELIE

[Race Discrimination]

29. Plaintiff re-alleges each and every allegation as contained herein above and hereby incorporates them by this reference as if fully set forth herein;

30. Plaintiff is ethnically descended from the Philippines;

31. Plaintiff noticed that he was treated differently than white employees;

32. That the actions of the Defendants constituted Racial Discrimination and Racial Harassment in violation of 42 U.S.C. 2000

33. That in doing the above said acts and/or omissions, Defendants, and each of them, acted intentionally with knowledge and/or recklessness and acted maliciously and with wanton disregard of the rights, feelings, and wellbeing of the Plaintiff: and that by reason thereof, Plaintiffs demand damages for the sake of example and by way of punishing the Defendants in a sum in excess of ten thousand dollars ($10,000.00)

FORTH CLAIM FOR RELIEF

[Attorney's Fees]

34. Plaintiff re-alleges each and every allegation as contained herein above and hereby incorporates them by this reference as if fully set forth herein

35. Further, Defendants conduct has been in bad faith and has been stubbornly litigious, such that the imposition of attorney's fees is warranted under Nevada law.

6

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

1.  An Order out of this Court reinstating Plaintiff in a position comparable to that which he formerly held or should have held with Defendant;

2.  An award of back pay and lost fringe benefits;

3.  For general damages in a just and reasonable amount in excess of ten thousand dollars ($10,000.00);

4.  For special damages according to proof at the time of trial;

5.  For Punitive damages in excess of ten thousand dollars ($10,000.00);

6.  For court costs and disbursement, and attorney's fees; and;

7.  For such other and further relief as the Court may deem just and proper under the circumstances.

Dated this 19th day of December, 2006

Dan M. Winder, Esq.
3507 W. Charleston Blvd.
Las Vegas, NV 89102
(702) 474-0523

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

7

02/27/2007   11:10   LAW OFFICE OF DAN M WINDER PC          (FAX)7024740631          P.011/012

Law Office of Dan M. Winder
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
Tel: (702) 474-0523

**VERIFICATION**

STATE OF NEVADA      )
                     )
COUNTY OF CLARK      )

   I, Theodore T. Tabelija, being first duly sworn, depose and state under penalty of perjury as follows:

   That I am the Plaintiff in the foregoing action; that I have read the foregoing Complaint and know the contends thereof and all matters set forth therein are true to the best of my present knowledge, information and belief and as to any matters stated therein based upon information and belief, I believe them to be true.

_____
Theodore T. Tabelija

SIGNED AND SWORN TO
OR AFFIRMED before me
This 20 day of November, 2006,
by Theodore T. Tabelija

_____
NOTARY PUBLIC

Notary Public - State of Nevada
County of Clark
LELA K. PERKINS
My Appointment Expires
No: 05-1016141    November 21, 2009

8